IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 30 2017
ARTHUR JOHNSTON
BY_____ DEPUTY

| | |
|---|---|
| ROBERT NEWSOME | PLAINTIFF |
| V. | CIVIL ACTION NO. 3:17cv66 HTW-LRA |
| CITY OF MAGEE; CITY OF MAGEE POLICE DEPARTMENT; JIMMY CLYDE, IN HIS OFFICIAL AND PERSONAL CAPACITIES; RANDY CRAWFORD, IN HIS OFFICIAL AND PERSONAL CAPACITIES; AND JOHN DOES 1-15 | DEFENDANTS |

**COMPLAINT**
**(TRIAL BY JURY REQUESTED)**

COMES NOW the Plaintiff, ROBERT NEWSOME (sometimes referenced as "Plaintiff"), and files this Complaint against the Defendants City of Magee; City of Magee Police Department; Jimmy Clyde, in his official and personal capacities; Randy Crawford, in his official and personal capacities; and John Does 1-15 (collectively referenced as "Defendants"). In support thereof, Plaintiff would show unto this Honorable Court the following to wit:

I.

**PARTIES**

1. Plaintiff, Robert D. Newsome, is an adult resident of Mount Olive, Covington County, Mississippi, and he resides at 178 Coats Road; Mount Olive, Mississippi 39119. He may be served with process of this Court by and through his attorney, whose name and address are provided below.

2. Defendant, City of Magee, is a domestic corporation organized under the laws of the State of Mississippi. Defendant is authorized to do business within this State according to

the Secretary of State's Office. Defendant operates as a Local Government Municipality with a current physical address of 123 Main Street; Magee Mississippi 3911. Pursuant to Rule 4(j) of the Federal Rules of Civil Procedure, this Defendant may be served by serving City of Magee c/o Mayor Jimmy Clyde, 123 Main Street; Magee, Mississippi 39111.

3. Defendant, Magee Police Department, is a domestic corporation organized under the laws of the State of Mississippi. Defendant is authorized to do business within this State according to the Secretary of State's Office. Defendant operates as a Public Safety Entity and as a division of the Local Government Municipality with a current physical address of 124 1st Street N. E.; Magee, Mississippi 39111. Pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure, this Defendant may be served by serving Magee Police Department c/o Chief Randy Crawford, 124 1st Street N.E., Magee, Mississippi 39111.

4. Defendant, Jimmy Clyde, in his official capacity as Mayor of the City of Magee, may be served with process at 123 Main Street; Magee, Mississippi 39111.

5. Defendant, Randy Crawford, in his official capacity as Chief of Police of the City of Magee Police Department, may be served with process at 124 1st Street N. E.; Magee, Mississippi 39111.

6. Defendants, John Does 1-15 are other individuals, persons, corporate persons or entities who may be liable for all or part of the acts or omissions committed, which resulted in the injuries sustained by Denise Jackson and in whom Plaintiff may seek recovery of damages.

## II.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the Constitution, laws, or treaties of the United States, specifically violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, and *et*

*seq.* Additionally, this Honorable Court has jurisdiction to adjudicate the state claims that arose out of the same course of conduct giving rise to the principal claims of the Plaintiff as herein stated. This Court has jurisdiction over both the parties and the subject matter of this suit.

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 inasmuch as a substantial part of the counts giving rise to this claim occurred in Mississippi.

### III.

### NOTICE OF CLAIMS

9. In correspondence dated May 6, 2016 Plaintiff, by and through counsel caused to be filed and delivered by certified U.S. mail to City of Magee Police Department, Attn: Randy Crawford, Chief of Police; at 124 1st Street N.E. , Magee Mississippi 39111 and to the City of Magee, Attn: Jimmy Clyde, Mayor; Eddie Lofton, Alderman Ward 1; Murry Keith, Alderman Ward 2; Lane Steele, Alderman Ward 3; Patrick Brown, Alderman Ward 4; Dale Berry, Alderman At Large; Bruce Smith, Esq. City Attorney; and Twylla Grant, City Clerk at 123 Main Street Magee, Mississippi 39111, a notice of claim letter regarding the act(s) and/or omission(s) set forth herein. 42 U.S.C. § 1983, 42 U.S.C. § 1985, Miss. Code Ann. § 11-46-11 and any and all other applicable state or federal statute(s) or constitutional provision(s), and/or any applicable state or federal common law cause(s) of action. A copy of this letter and certified returns of service are incorporated herein by reference and attached as "Exhibit A." A copy of the green cards reflecting receipt of the notice of claims letter is attached hereto and incorporated herein by reference as "Exhibit B." Plaintiff submits that this notice of claims letter has been on file and these Defendants on notice at least One-Hundred and Twenty (120) days prior to filing this instant suit.

been on file and these Defendants on notice at least One-Hundred and Twenty (120) days prior to filing this instant suit.

## IV.

## FACTS

10. On or about February 3, 2016 Plaintiff Robert D. Newsome went into Magee General Hospital, Magee Mississippi to receive treatment due to an illness.

11. Upon information and belief Plaintiff Robert D. Newsome arrived at the hospital in Magee Mississippi on the evening of February 3, 2016 complaining of shortness of breath as was directed to the nurse's station to complete intake papers. Shortly thereafter, Mr. Robert D. Newsome went on the outside of the hospital and was met by several officers from the City of Magee Police Department. Immediately and without cause, several of those officers pulled out taser guns and repeatedly administered electricity into Mr. Newsome's body causing him to have uncontrollable muscle spasms.

12. Upon information and belief Mr. Newsome's hands and feet were cuffed and he was taken into the hospital. The Plaintiff had incurred serious injuries as a result of the officers' actions and require immediate medical attention.

13. At all relevant times, Robert D. Newsome was lawfully on the premises as an patient of Magee General Hospital and was in compliance with the laws of the State of Mississippi.

14. As a result of his injuries, Plaintiff Robert D. Newsome sustained head contusions, lacerations, and other soft tissue injuries to his body. Mr. Newsome was immediately admitted into Magee General Hospital for the injuries he sustained from this incident. Plaintiff was later transported to the University of Mississippi Medical Center in

Jackson Mississippi for more extensive medical treatment. To date, Plaintiff Robert D. Newsome continues to experience significant inflammation and pain. Additionally, the psychological impact is untold.

15. Upon information and belief, on the night of the incident, the officers of the City of Magee Police Department never officially charged Mr. Newsome with any crime or made him aware that he was in violation of any of the state laws. The City of Magee and The City of Magee Police Department possessed a duty to protect ant make safe the environment for the Plaintiff.

16. Defendant City of Magee oversees the Defendant City of Magee Police Department. Defendants' general duties of care include maintaining a safe, secure, and humane environment for individuals in accordance with both state and local statutes.

17. The act(s) and/or omission(s) of Defendants City of Magee, City of Magee Police Department, Jimmy Clyde, Randy Crawford, and John Does 1-15 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.) had affirmative duties to intervene and to take the necessary steps to deescalate the situation in order to protect and safeguard Plaintiff, Robert D. Newsome from excessive force by the Defendants City of Magee Police Department.

18. The act(s) and/or omission(s) of Defendants City of Magee, City of Magee Police Department, Jimmy Clyde, Randy Crawford, and John Does 1-15(including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.) caused and/or contributed to the injuries sustained by Plaintiff Robert D. Newsome.

19. Defendants City of Magee, City of Magee Police Department, Jimmy Clyde, Randy Crawford, and John Does 1-15 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.) breached the standard of care owed to Plaintiff Robert D. Newsome.

20. Upon information and belief, the injuries and damages sustained by the Plaintiff, Robert D. Newsome, occurred in whole or in part as the result of excessive force by the Defendants. Defendants failed to do what a reasonable, prudent municipality and municipal law enforcement agency would have done in the same or similar circumstances. The actions and/or inactions of these Defendants proximately caused the Plaintiff's injuries and damages.

21. As a result of the incident in question, Plaintiff also sustained economic damages, including but not limited to medical bills, prescription drug costs, travel costs to hospitals, doctors and physical therapy, and others. Plaintiff also sustained physical injuries; physical, conscience pain and suffering associated with these injuries; individual loss of wages; loss of enjoyment of life; hedonic damages; loss of credit worthiness; and others.

22. Plaintiff has suffered and will continue to suffer great physical pain, severe emotional distress, psychological distress, mental anguish, loss of enjoyment of life and other damages more specifically set for below as a result of this incident.

23. As a result of the Defendants' act(s) and/or omission(s), Plaintiff has sustained, and will likely continue to sustain economic as well as non-economic damages.

V.

## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983

24. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

25. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the Constitution of the United States including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of life without due process of law; and c) the right not to be deprived of liberty without due process of law.

26. In violating Plaintiffs' rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law to set into motion a chain of events leading to the use of excessive force used by Defendants on Plaintiff Robert D. Newsome. The acts and/or omissions of the Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

27. As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

28. The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## VI.

## CLAIMS FOR RELIEF

### COUNT I – NEGLIGENCE AND NEGLIGENCE PER SE

29. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

30. At the time and on the occasion in question, Defendants individually, jointly, and severally, possessed a duty or ordinary care while operating as a police department in Mississippi.

31. Specifically, all Defendants owed a duty to those entrusted to their care to maintain their safety, health and well-being, both physical and psychological. Further, the Defendants' act(s) and/or omission(s) proximately caused the Plaintiff's injuries.

32. As a result of the act(s) and/or omission(s) of the Defendants, Plaintiff sustained substantial injuries, losses and damages.

33. The duty owed by all Defendants to the Plaintiff, included but was not limited to affirmative duties to protect and safeguard the Plaintiff from attacks and batteries caused by officers, agents, or other employees, to make reasonable efforts to keep safe, to avoid harm, to prevent injustice and abuse, to obey the laws of the State of Mississippi and the United States of America, to implement adequate and appropriate policies and procedures to prevent excessive force by police officers, and to prevent abusive and illegal practices.

34. The employees and agents of Defendant City of Magee, City of Magee Police Department, Jimmy Clyde, Randy Crawford, and John Does 1-15 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc. ) individually,

jointly, and severally, were negligent in the following particulars, including but not limited to:

    i. failing to prevent the attack on Robert D. Newsome;

    ii. encouraging the attack on Robert D. Newsome;

    iii. failing to prevent Robert D. Newsome's assault.

    iv. engaging in conduct to likely to cause psychological and emotional harm to Plaintiff, Robert D. Newsome;

    v. failing to supervise the conduct of its officers and other personnel;

    vi. and other acts of negligence as will be more fully shown at trial.

35. The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the Defendants City of Magee, City of Magee Police Department, Jimmy Clyde, Randy Crawford, and John Does 1-15 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.), individually, jointly, and severally, resulted in the Plaintiff's damages.

36. At the time and on the occasion in question, Doe Defendants 1-15 are individuals, persons, corporate persons and/or business entities, the identities of which are currently unknown to the Plaintiff. Upon information and belief these unknown individuals or entities, in addition to the named Defendants, were present at the scene where Plaintiff, Robert D. Newsome was attacked, or were a contributing cause of the incidents and the resulting personal injuries to the Plaintiff, or were engaged and/or had been engaged in

certain operations at the scene of the incidents described herein, which otherwise caused and/or contributed to the incident.

37. As a result of these aforesaid acts, Plaintiff suffered and continues to suffer severe losses, damages and irreparable injuries.

## VII.

## GROSS NEGLIGENCE

38. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

39. The actions of the Defendants City of Magee, City of Magee Police Department, Jimmy Clyde, Randy Crawford, and John Does 1-15 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc. ) individually, jointly, and severally, when viewed objectively was willful, wanton, reckless, malicious and involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff.

40. Defendants had actual, subjective awareness of the risk, but nevertheless preceded with conscious indifference to the rights, safety or welfare of Plaintiff herein and as such constitutes gross negligence (malice) as the term is defined under Mississippi law. As a result, Plaintiff is entitled to the recovery of punitive damages.

## VIII.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

41. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

42. The act(s) and/or omission(s) of the Defendants City of Magee, City of Magee Police Department, Jimmy Clyde, Randy Crawford, and John Does 1-15 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.), on the dates and times in question caused Plaintiffs severe emotional distress through their negligent conduct.

43. The negligent conduct perpetrated upon Plaintiff Robert D. Newsome was awful, traumatic, and disturbing events, which have caused the Plaintiff to suffer serious emotional anguish.

44. At all relevant times, the Plaintiff was in the zone of danger as a result of the act(s) and/or omission(s) of the Defendants.

45. The act(s) and/or omission(s) of the aforementioned Defendants constitute a negligent infliction of emotional distress as defined under Mississippi law, and were each a proximate cause of the injuries of the Plaintiffs as well as the damages and losses sustained by the Plaintiff.

## IX.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

47. The acts and conduct of all Defendants herein, by and through their employee-agents and described herein, were done willfully, maliciously, deliberately, and purposely with the intention to inflict emotional distress upon the Plaintiff. Such acts were extreme, outrageous and done in reckless disregard of the probability of causing the

Plaintiff emotional distress. These acts did in fact result in severe and extreme emotional distress to the Plaintiff.

48.  The Defendants had a responsibility to oversee and control the conduct of their employees. Defendants knew or should have known the proper procedures to follow in situations such as the one in question and should have taken steps to intervene and deescalate the situation. Defendants had a duty to insure that order was maintained and that no excessive force by the officers was being used that could create a disturbance of great magnitude.

49.  As a direct and proximate result of the Defendants' acts alleged herein, the Plaintiff was caused to incur severe and grievous mental and emotional suffering, fright, anguish, shock, fear, nervousness, and anxiety. The Plaintiff continues to suffer the emotional effects of being subjected to the incidents detailed herein.

50.  The above act(s) and/or omission(s) constitute intentional infliction of emotional distress under Mississippi law and were each a proximate cause of the injuries and damages sustained by the Plaintiff.

## X.

## **RESPONDEAT SUPERIOR**

51.  Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

52.  John Does 1-15 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.) were in the course and scope of their employment with City of Magee and City of Magee Police Department (including employees of the

aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.), at all relevant times immediately subsequent and preceding the incidents in question.

53. Therefore, Defendants are liable for the negligence of their employee(s) John Does 1-15 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.).

## XI.

## NEGLIGENT HIRING, RETENTION, SUPERVISION, TRAINING AND/OR CONTROL

54. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

55. At the time and on the occasion in question, Defendants John Doe 1-15 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.) were in the course and scope of their employment with Defendants City of Magee and City of Magee Police Department (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.).

56. Further, Defendants (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.), were negligent in hiring, retaining, supervising and/or controlling their employees, servants, and/or agents, including but not limited to Defendants John Does 1-15 (including employees of the aforementioned facilities in their

official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.).

57. The aforementioned Defendants are (and at the time of the assault of Plaintiff Robert D. Newsome) were tasked with the non-delegable duty and responsibility to formulate, oversee and implement official policies, procedures, practices and customs that were to be carried out by the employee(s) and/or security personnel while employed with the City of Magee Police Department.

58. As a direct and proximate consequence of the aforementioned Defendants' failure to properly develop, implement and otherwise devise a policy of adequate employee and/or security training and/or supervision for its employees and/or security personnel, the Plaintiff was deprived of certain constitutional rights, privileges and immunities which, if properly trained and supervised, every employee and/or security personnel within the employ of the Defendants would have known of the illegality of the Defendants' conduct on the date in question and Plaintiff's injuries, and the corresponding deprivation of civil rights, privileges and immunities would not have happened.

## XII.

## CIVIL ASSAULT

59. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

60. The actions of Defendants City of Magee, City of Magee Police Department, Jimmy Clyde, Randy Crawford, and John Doe 1-15 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities,

businesses, parent companies/corporations, and etc.) establish that a civil assault was committed against Plaintiff Robert D. Newsome.

61. At all relevant times prior to the attack, Plaintiff Robert D. Newsom was in reasonable apprehension of imminent harmful or offensive contact.

62. The above act(s) and/or omission(s) constitute civil assault and were each a proximate cause of the injuries to Plaintiffs as well as the damages and losses sustained by the Plaintiffs.

## XIII.

## **RES IPSA LOQUITUR**

63. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

64. The act(s) and/or omission(s) of the Defendants (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.), under the present set of circumstances, provide an inference of negligence of the part of these Defendants, either individually or collectively, so as to establish a prima facie case. The mere occurrence of this incident and the resulting injury, taken with the surrounding circumstances, should allow for an inference of negligence against these Defendants.

65. At all pertinent times, Defendants were in sole and complete control of the agents, and/or employees which became the instrumentality causing the resulting injuries of the Plaintiff. Defendants negligently, if not intentionally, failed to exercise the power necessary to avert such injuries by insuring that the proper operation was maintained and adequate safety measures were in place to avoid the resulting injuries.

66. Defendants were presented with an available opportunity to avoid the resulting incidents. Defendants failed to exercise such control over their agents and/ or employees so as to prevent the injuries of the Plaintiff.

67. The duty of care owed to the Plaintiff was therefore breached by the Defendants.

68. The nature of the events described herein is of the type that does not ordinarily occur in the absence of negligence.

69. The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of these Defendants proximately caused the damages and injuries sustained by the Plaintiffs.

## XIV.

## MISSISSIPPI TORT CLAIMS ACT

70. Plaintiff re- alleges and incorporates herein the foregoing allegations of this complaint as if set forth herein in their entirety.

71. Pursuant to Miss. Code Ann. § 11-46-9(c)(2013) the Plaintiff affirmatively asserts that the Defendants acted in reckless disregard for his safety and well being on the night in question.

72. Further, the Plaintiff affirmatively asserts that at the time of the subject attack, he was not engaged in any criminal activity.

73. As a result of the Defendants' act(s) and/or omission(s) the Plaintiff was injured and incurred economic as well as non-economic damages.

## XV.

## DAMAGES

74. As a direct and proximate result of the conduct of all Defendants, Plaintiff has suffered and will continue to suffer damages in an amount in excess of the minimum jurisdictional limits of the Court as set forth herein, directly attributable to the occurrence made the basis of this lawsuit and directly attributable to their injuries and the harm they have sustained.

75. Plaintiff requests an award of all kinds of economic, non-economic, actual, compensatory, incidental and consequential damages available to them under the law.

76. Plaintiff has suffered out-of-pocket expenses which include attorneys' fees, costs of court and other expenses. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages as shall be proven at the time of trial, including exemplary, enhanced and trebled damages. Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, a statutory rate of interest because of the delay in receiving the damages and also to avoid unjust enrichment to Defendants. Plaintiffs also seek post-judgment interest at the maximum rate allowed by law.

77. The amount of total damages suffered by Plaintiff is significant and continuing in nature.

## XVI.

## PUNITIVE / EXEMPLARY DAMAGES

78. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

79. Pursuant to Miss. Code Ann. § 11-1-65, inasmuch as the conduct of the Defendants constitutes willful, wanton, egregious and reckless conduct, an award of punitive damages is appropriate and necessary under these facts.

## XVII.

### RIGHT TO AMEND PURSUANT TO FED. R. CIV. P. 15

80. Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff reserves the right to name additional defendants should later facts establish that others are liable herein.

## XVIII.

### JURY TRIAL DEMANDED

81. Plaintiff demands a jury trial.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon final trial hereof she be entitled to take, have and recover, of and from said Defendants the above damages, including economic, non-economic, actual, compensatory, punitive, pre-judgment interest, post-judgment interest, costs of Court, and for such other and further relief to which she may show herself to be justly entitled.

Respectfully submitted, this the 30th day of January, 2017.

**ROBERT D. NEWSOME, Plaintiff**

By: ___/s/ Warren L. Martin___
Warren L. Martin, Jr.

**Of Counsel:**
Warren L. Martin, Jr. (MSB # 101528)
**WARREN L. MARTIN, JR., PA**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Post Office Box 1870
Jackson, Mississippi 39215
Phone: (769) 257-6052
Fax: (769) 257-6596
Email: warren_martin_jr_@hotmail.com