IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROBERT NEWSOME                              PLAINTIFF

VS.                      CIVIL ACTION NO.: 3:17-cv-00066-HTW-LRA

CITY OF MAGEE, CITY OF MAGEE POLICE
DEPARTMENT, JIMMY CLYDE, IN HIS
OFFICIAL AND PERSONAL CAPACITIES,
RANDY CRAWFORD, IN HIS OFFICIAL AND
PERSONAL CAPACITIES, AND JOHN DOES
1-15                                                   DEFENDANTS

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S COMPLAINT**

**COME NOW** Defendants[1] City of Magee, Mississippi, Jimmy Clyde, and Randy Crawford, and respond to the Plaintiff's Complaint (the "Complaint") as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendants plead all applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

The alleged injuries to Plaintiff were not caused by a policy or custom of the City of Magee, Mississippi. Accordingly, there is no municipal liability pursuant to 42 U.S.C. § 1983.

**FOURTH AFFIRMATIVE DEFENSE**

Punitive damages cannot be assessed against the City of Magee, Mississippi.

---

[1] While the Complaint incorrectly identifies the City of Magee Police Department as a separate political subdivision, it is simply a department within the City of Magee, Mississippi. See *Potts v. Crosby Ind. Sch. Dist.*, 2005 WL 1527657 at *4-5 (S.D. Tex. June 28, 2005) (Police Department is not a separate legal entity and thus cannot be sued (citing *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 314 (5th Cir. 1991)).

1

## FIFTH AFFIRMATIVE DEFENSE

Although Defendants deny that Plaintiff is entitled to punitive damages, they affirmatively plead that an award of punitive damages would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Sections 14 and 28 of the Mississippi Constitution.

## SIXTH AFFIRMATIVE DEFENSE

Defendants plead all applicable provisions of the Mississippi Tort Claims Act, MISS. CODE ANN. § 11-46-1 *et seq.*, including, but not limited to, all applicable statutes of limitations, all exemptions from liability, all jurisdictional prerequisites to suit and no right to a jury trial.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants Jimmy Clyde and Randy Crawford are entitled to qualified immunity.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims may be barred by the *Heck v. Humphrey* doctrine.

## NINTH AFFIRMATIVE DEFENSE

Defendants affirmatively assert the defense of Plaintiff's contributory negligence or willful wrongful action.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff purports to assert a claim pursuant to Title VII of the Civil Rights Act, as referenced in Paragraph 7 of the Complaint, Defendants affirmatively plead all statutory prerequisites to suit under Title VII and the applicability and coverage of the statute, as well as all defenses available under Title VII.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants assert all affirmative defenses that are or may become available or of which Defendants may become aware (upon further investigation or discovery) under FED. R. CIV. P. 8(c).

## TWELFTH AFFIRMATIVE DEFENSE

Defendants assert all affirmative defenses that are or may become available or of which Defendants may become aware (upon further investigation or discovery) under FED. R. CIV. P. 12(b).

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants assert the provisions of FED. R. CIV. P. 11 and the Mississippi Litigation Accountability Act of 1988, MISS. CODE ANN. § 11-55-1 *et seq.*, including but not limited to the assessment of sanctions, attorney fees and costs against an attorney or party for a meritless action.

## ANSWER

Without waiving any of the aforementioned Affirmative Defenses, Defendants respond to the Complaint as follows:

Defendants admit that Plaintiff has filed the instant Complaint but deny there is any basis to Plaintiff's claims against Defendants and deny any and all remaining allegations contained in the un-numbered Paragraph of the Complaint beginning with "COMES NOW...." and ending with "to wit:" in reference to Defendants.

1. Defendants are without information sufficient to admit or deny the allegations contained in Paragraph 1 of the Complaint, and accordingly, deny same.

2. Defendants admit the City of Magee is a municipality with a physical address of 123 Main Street, Magee Mississippi 39111 and the City can be served by service upon Mayor Jimmy Clyde at that address pursuant to the applicable procedural rule. Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit the Court has jurisdiction but deny there is any basis to Plaintiff's claims and deny any remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit venue is proper, but deny there is any basis to Plaintiff's claims and deny any remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit the document attached to the Complaint, marked as Exhibit "A", was delivered by certified mail to the individuals identified in Paragraph 9 of the Complaint, but deny the allegations contained in the document and deny there is any basis to Plaintiff's claims. Defendants admit that a document marked as Exhibit "B" is attached to the Complaint, and that the language of the document speaks for itself. The remaining allegations in Paragraph 9 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. To the extent any response is required, Defendants deny the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit that on February 3, 2016, Plaintiff presented at Magee General Hospital, in Magee, Mississippi for treatment but deny the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit that Plaintiff's wrists and ankles were cuffed and he was taken into the Hospital, but deny the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants admit Plaintiff was admitted to Magee General Hospital and subsequently transported to the University of Mississippi Medical Center for, but deny the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. The allegations contained in Paragraph 16 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. The allegations contained in Paragraph 17 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants repeat and incorporate by reference each and every defense, admission, and denial made to the foregoing allegations of the Complaint in response to Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants repeat and incorporate by reference each and every defense, admission, and denial made to the foregoing allegations of the Complaint in response to Paragraph 29 of the Complaint.

30. The allegations contained in Paragraph 30 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. The allegations contained in Paragraph 33 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint, and further deny the allegations contained in Sub-Paragraphs i. – vi.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants repeat and incorporate by reference each and every defense, admission, and denial made to the foregoing allegations of the Complaint in response to Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants repeat and incorporate by reference each and every defense, admission, and denial made to the foregoing allegations of the Complaint in response to Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants repeat and incorporate by reference each and every defense, admission, and denial made to the foregoing allegations of the Complaint in response to Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. The allegations contained in Paragraph 48 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants repeat and incorporate by reference each and every defense, admission, and denial made to the foregoing allegations of the Complaint in response to Paragraph 51 of the Complaint.

52. The allegations contained in Paragraph 52 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants repeat and incorporate by reference each and every defense, admission, and denial made to the foregoing allegations of the Complaint in response to Paragraph 54 of the Complaint.

55. The allegations contained in Paragraph 55 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants repeat and incorporate by reference each and every defense, admission, and denial made to the foregoing allegations of the Complaint in response to Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendants repeat and incorporate by reference each and every defense, admission, and denial made to the foregoing allegations of the Complaint in response to Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. Defendants repeat and incorporate by reference each and every defense, admission, and denial made to the foregoing allegations of the Complaint in response to Paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. Defendants repeat and incorporate by reference each and every defense, admission, and denial made to the foregoing allegations of the Complaint in response to Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. The allegations contained in Paragraph 80 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. Defendants admit that Plaintiff has demanded a jury trial, but deny there is any basis to any of Plaintiff's claims and further deny a jury trial is available as to any claims brought pursuant to the Mississippi Tort Claims Act.

82. Defendants deny that Plaintiff is entitled to any of the damages, costs or other relief requested in the un-numbered Paragraph beginning with "WHEREFORE PREMISES CONSIDERED," and ending with "justly entitled", and further deny that Plaintiff is entitled to relief of any kind.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Court dismiss Plaintiff's Complaint and award Defendants costs, expenses, attorneys' fees and any other relief that is warranted or the Court deems proper.

THIS, the 16th day of February, 2017.

Respectfully submitted,

PHELPS DUNBAR LLP


BY: /s/ Mark Fijman
    Gary E. Friedman, MB #5532
    Mark Fijman, MB #99153
    4270 I-55 North
    Jackson, Mississippi 39211-6391
    Post Office Box 16114
    Jackson, Mississippi 39236-6114
    Telephone: 601-352-2300
    Telecopier: 601-360-9777
    Email: friedmag@phelps.com
          fijmanm@phelps.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I, MARK FIJMAN, do hereby certify that on February 16, 2017, I electronically filed the above and foregoing *ANSWER AND AFFIRMATIVE DEFENSES* with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following counsel of record:

Warren L. Martin, Jr., Esq.
WARREN L. MARTIN, JR., P.A.
351 Edgewood Terrace Drive
Jackson, MS 39206
(769) 257-6052
warren_martin_jr_@hotmail.com

*ATTORNEY FOR PLAINTIFF*

           /s/ Mark Fijman
           MARK FIJMAN